CITY OF JERSEY CITY, PROSECUTOR, v. THE DIVISION OF TAX APPEALS IN THE STATE DEPARTMENT OF TAXATION AND FINANCE ET AL., DEFENDANTS.

Argued January 15, 1946—Decided September 18, 1946.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *Charles A. Rooney* (*Charles Hershenstein, Arthur C. Mullen* and *John F. Lynch, Jr.*, of counsel).

For the defendant Hudson and Manhattan Railroad Company et al., *Carpenter, Gilmour & Dwyer.*

For the defendant Guardian Life Insurance Co. et al., *John Warren.*

For the defendant Commissioner of Banking and Insurance, *Irving Eisenberg*, Deputy Attorney-General.

The opinion of the court was delivered by

COLIE, J. In case No. 254 the City of Jersey City seeks a writ of *certiorari* to review a judgment of the Division of Tax Appeals, Department of Taxation and Finance, dismissing the city's appeal from the action of the Hudson County Board of Taxation with respect to the 1943 assessments. In case No. 255, the same situation exists with reference to the 1944 assessments. Identical questions are involved so that a discussion of the matter of the 1943 assessments will suffice and the disposition of case No. 254 will be dispositive of case No. 255 also.

The tax assessor of Jersey City made and filed his assessment list with the Hudson County Board of Taxation. The County Board, acting under the authority of *R. S.* 54:4-47 to "revise, correct and equalize the assessed value of all property in the * * * taxing district" reduced the assessment on 34,431 properties by the sum of $95,816,335. Jersey City took separate appeals on each reduction in assessed value to the Hudson County Board of Taxation pursuant to *R. S.* 54:3-21 which gives the right of appeal to "a taxing district which may feel discriminated against by the assessed valuation in the taxing district." The County Board dismissed all the appeals, whereupon that action of the County Board was appealed by the city to the Division of Tax Appeals and that body in turn dismissed the appeals taken to it. On behalf of certain taxpayers in the taxing district, it is urged that writs should not be allowed because the city had a right of

appeal to the Division of Tax Appeals under *R. S.* 54:2–35 providing that "any action or determination of a county board of taxation may be appealed for review to the state board of tax appeals." We consider that a debatable question of law is raised on this point and that a writ of *certiorari* should be allowed in case No. 254 and in case No. 255.

We do not discuss the other points raised since to do so is unnecessary in view of our holding that a debatable question of law is involved in the single point with which we have dealt.

The *allocatur* will limit the review to the 876 properties only, since no one seeks to review the assessments on other properties.